### Geller v. Puchta.

1. Requisites of Appeal Bond.

If a sub-contractor sues the owner before a justice under sec. 3199, Rev. Stat., but the contractor claims the amount is not due, and the owner notifies the contractor of the suit, and judgment is rendered for the plaintiff, an appeal at the owner's instance, the bond being signed not by her, but by the contractor, is a good appeal.

2. Interpleading Adverse Claimants.

A person sued before a justice may interplead adverse claimants, either in the justice court, or on appeal to the common pleas.

3. Appellant Need not Sign Bond.

Where the evidence shows that the case was appealed at the instance of defendant, it is sufficient, although only the sureties sign the bond.

Error to the Court of Common Pleas of Hamilton county.

Smith, J.

1. The motion of plaintiff to dismiss the appeal, on the ground that it was not authorized by the defendant, was properly overruled on the evidence, which shows that it was appealed at her instance, though she did not sign the bond.

2. Geller sued Puchta before a justice of the peace, to recover money had and received. On an appeal, he filed a petition alleging that the defendant had contracted with Belmont & Overbecke to build a house for her; that the plaintiff had furnished Belmont & Overbecke labor and material used in said building under a contract with them; that there was due him, April 11, 1884, therefor, $130; that not being paid on August 11, 1884, he furnished the defendant a sworn and itemized statement of his account, and that, defendant then detained and still detains of the amount due or to become due to B. & O. more than sufficient to pay his claim; that his account against B. & O., was not disputed by them within ten days thereafter, and that

they have therefore, under sec. 3199, Rev. Stat., assented to the correctness of the account, but on demand they refuse to pay; that the money being due from her to B. & O., he demanded payment of her, which was refused.  No copy of such account is stated to have been filed in the recorder's office, and there is no allegation that B. & O. were notified by defendant of the filing of such account within five days, both of which are required by the statute, secs. 3195 and 3199, Rev. Stat.

Before answer to this petition, the defendant filed an affidavit under sec. 5016, Rev. Stat., that Belmont & Overbecke, without collusion with her, claimed the money, and that she was willing to pay or dispose of it as the court should order. Belmont & Overbecke were notified to appear and maintain or relinquish their claim.  They appeared and were made defendants, and Puchta, having paid the money into court, was dismissed from the action.  In this there was no error. The action was one founded on contract, viz., for money had and received, and though provided for by statute, was dependent on the contract between the owner and the head contractor.  Bræn on Mechanic's Liens, sec. 58.

The same course might have been adopted by the defendant before the justice of the peace, by virtue of sec. 6705, Rev. Stat., which provides that the provisions of the code of procedure in courts of common pleas, which are in their nature applicable to the proceedings before justices, and in respect to which no special provision is made in the justice's act shall be applicable to proceedings before justices of the peace.  But if this be not so, still the courts of common pleas, on appeal may allow such procedure, on proper terms as to costs.

In this case, as Belmont & Overbecke, the head contractors, had not been notified of the filing of the claim, they were proper parties to an action brought by Geller to enforce his lien acquired on the fund by the service of notice.  The head contractors not having expressly or impliedly assented to the correctness of the claim of Geller, his lien on the fund was only for the amount actually due him from them, or for his *pro rata* share of it, under the provisions of the statute. And the amount of his claim against them, and therefore against the defendant, as the foundation of his lien on the fund, might well be determined in the action brought by him to subject it to his claim.  And the action of the court of common pleas in bringing the parties before the court to have the whole controversy settled, was right.                                       Affirmed with costs.

S. M. Johnston, for plaintiff in error.

Clement Bates, for defendant in error.

---

32                       PERSONAL  JUDGMENT—EXECUTION.